# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| ACS PARTNERS, LLC, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-15-1111 |
| § | | |
| GFI MANAGEMENT SERVICES, § | | |
| INC., § | | |
|     Defendant. § | | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Dismiss for Lack of Personal Jurisdiction [Doc. # 31] filed by Defendant Allen Gross, to which Plaintiff ACS Partners, LLC ("ACS") filed a Response [Doc. # 32], and Gross filed a Reply [Doc. # 33]. The Court conducted a hearing on Gross's Motion to Dismiss on October 13, 2015, at which time Plaintiff requested and obtained leave to conduct jurisdictional discovery. By Order [Doc. # 45] entered November 2, 2015, the Court directed Plaintiff to file any supplemental briefing by December 14, 2015.

The deadline for completing the jurisdictional discovery has expired, and Plaintiff has advised the Court that no supplemental briefing or evidence will be filed.

Having reviewed the full record and applicable legal authorities, the Court **grants** Gross's Motion to Dismiss.

## I.     BACKGROUND

In June 2012, Plaintiff and Defendant GFI entered into a settlement agreement to resolve a lawsuit in Texas state court. Gross was not a party to the settlement agreement between ACS and GFI. Plaintiff filed this lawsuit against GFI, alleging that it breached the settlement agreement by failing to offer to ACS construction work opportunities as required under the agreement. Plaintiff later filed an Amended Complaint [Doc. # 7] against GFI, then filed a Second Amended Complaint [Doc. # 17] adding Gross as a Defendant.

Gross, a resident of New York, filed a Motion to Dismiss for lack of personal jurisdiction. In response, Plaintiff argues that an "alter ego" exception allows the Court to "fuse" a corporation and its officers or directors for personal jurisdiction purposes. Gross's Motion to Dismiss has been fully briefed, has been argued, and the parties have conducted jurisdictional discovery. The Motion to Dismiss is now ripe for decision.

## II.    LEGAL STANDARD FOR PERSONAL JURISDICTION

The plaintiff has the burden of establishing that this Court has personal jurisdiction over Gross. *See Int'l Energy Ventures Mgmt., LLC v. United Energy*

*Group, Ltd.*, 800 F.3d 143, 151 (5th Cir. 2015). The parties have submitted evidence in connection with Gross's Motion to Dismiss, but the Court did not conduct a full evidentiary hearing. As a result, the Court will consider the evidence presented by the parties "to help it resolve the jurisdictional issue," but will "construe all disputed facts in Plaintiff's favor and consider them along with the undisputed facts." *See Walk Haydel & Assoc., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008).

Courts in Texas may exercise personal jurisdiction over a nonresident if "(1) the Texas long-arm statute authorizes the exercise of jurisdiction, and (2) the exercise of jurisdiction is consistent with federal and state constitutional due-process guarantees." *DeJoria v. Maghreb Petroleum Expl., S.A.*, 804 F.3d 373, 388 (5th Cir. 2015) (citing *Moncrief Oil Int'l, Inc. v. OAO Gazprom*, 414 S.W.3d 142, 149 (Tex. 2013)). In Texas, the long-arm statute extends to the limits of federal constitutional due process. *See Companion Prop. & Cas. Ins. Co. v. Palermo*, 723 F.3d 557, 559 (5th Cir. 2013).

"Asserting personal jurisdiction comports with due process when (1) the nonresident defendant has minimum contacts with the forum state, and (2) asserting jurisdiction complies with traditional notions of fair play and substantial justice." *DeJoria*, 804 F.3d at 388 (citing *Moncrief*, 414 S.W.3d at 150). A defendant

establishes minimum contacts with a state when he purposefully avails himself "of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Id.* (citations omitted). "In addition to minimum contacts, due process requires the exercise of personal jurisdiction to comply with traditional notions of fair play and substantial justice." *Id*. (quoting *Moncrief*, 414 S.W.3d at 154).

In this case, there is no dispute that Gross personally does not have minimum contacts with Texas that would support the exercise of personal jurisdiction over him in this Court. Instead, Plaintiff seeks through an alter ego theory to attribute to Gross the minimum contacts of GFI, over whom personal jurisdiction is uncontested. "The Texas Supreme Court has held that jurisdiction based on an alter ego theory cannot be found unless '[t]he party seeking to ascribe one corporation's actions to another by disregarding their distinct corporate entities [proves] this allegation.'" *Tri-State Bldg. Specialties, Inc. v. NCI Bldg. Sys., L.P.*, 184 S.W.3d 242, 250 (Tex. App. – Houston [1st Dist.] 2005, no pet.) (quoting *BMC Software Belgium, N.W. v. Marchand*, 83 S.W.3d 789, 798 (Tex. 2002)). Although the Texas Supreme Court's decision in *BMC* was in the context of two corporations (a parent and a subsidiary), the Texas Court of Appeals in *Tri-State* extended the doctrine to provide a basis for personal jurisdiction over an officer or director of a corporation. *See id.* Placing on the plaintiff the burden

of proof on the jurisdictional issue is appropriate because there exists a presumption of legal separateness with regard to a corporation and its officers.  *See id.* (citing *Pabich v. Kellar*, 71 S.W.3d 500, 507 (Tex. App. – Fort Worth 2002, pet. denied); *Wynne v. Adcock Pipe and Supply*, 761 S.W.2d 67, 68 (Tex. App. – San Antonio 1988, writ denied)).

To "fuse" GFI and Gross for personal jurisdictional purposes, Plaintiff must prove that Gross controls the internal business operations and affairs of GFI, but the degree of control must be greater than that normally associated with ownership of a closely-held corporation; "the evidence must show that the two entities cease to be separate so that the corporate fiction should be disregarded to prevent fraud or injustice."  *See PHC-Minden, L.P. v. Kimberly-Clark Corp.*, 235 S.W.3d 163, 175 (Tex. 2007) (quoting *BMC*, 83 S.W.3d at 799).  The alter ego theory provides a basis for personal jurisdiction over a nonresident who has no minimum contacts with the forum state only "when there is such unity between a corporation and an individual that the separateness of the corporation has ceased and holding only the corporation liable would result in an injustice."  *Nichols v. Tseng Hsiang Lin*, 282 S.W.3d 743, 747 (Tex. App. – Dallas 2009, no pet.) (citing *Mancorp, Inc. v. Culpepper*, 802 S.W.2d 226, 228 (Tex. 1990)).  "The types of evidence a court will consider as proof of an alter ego include: (1) the payment of alleged corporate debts with personal

checks or other commingling of funds; (2) representations that the individual will financially back the corporation; (3) the diversion of company profits to the individual for his personal use; (4) inadequate capitalization; and (5) other failure to keep corporate and personal assets separate." *Id.* (citing *Mancorp*, 802 S.W.2d at 229). An individual's status as an officer, director, or majority shareholder of a corporation alone is insufficient to support the exercise of personal jurisdiction based on an alter ego theory. *Id.* (citing *Goldstein v. Mortenson*, 113 S.W.3d 769, 781 (Tex. App. – Austin 2003, no pet.).

### III.   ANALYSIS

The evidence relevant to Plaintiff's alter ego theory is either uncontradicted or viewed in the light most favorable to Plaintiff. It is undisputed that Gross is the sole shareholder of GFI and is the Chairman of its Board of Directors. In 2013, Jeff Adler was the Chief Executive Officer ("CEO") of GFI, Michael Wiser was its Executive Vice President, and David Arno was in charge of operations. *See* 2013 Deposition Testimony of Allen Gross, Exh. 1 to Plaintiff's Evidentiary Submission in Response to Gross's Motion to Dismiss ("Plaintiff's Evidentiary Submission") [Doc. # 35]. Earlier, in 2010, Frederick Mehlman was the CEO of GFI. At that time, Judith Crook (Controller), Helen Gotman (Head of Asset Management), and five regional managers

reported to Mehlman. *See* 2010 Deposition Testimony of Frederick Mehlman, Exh. 2 to Plaintiff's Evidentiary Submission, pp. 6-7.

It is undisputed that GFI has its own corporate bank accounts, and there is no evidence that Gross has ever paid corporate debts with personal checks or otherwise commingled his funds and GFI's funds. Gross's uncontradicted sworn testimony is that he does not sign checks on behalf of GFI. There is no evidence that Gross has diverted GFI profits for his own personal use. Indeed, it is uncontroverted that Gross has not taken any distribution, dividend, or salary from GFI since at least June 2012. There is no evidence that he has represented that he is personally responsible for the corporation's debts, or that GFI is inadequately capitalized. There is no evidence that GFI's assets and Gross's assets are not maintained separately. The uncontroverted evidence in the record establishes that GFI and Gross maintain their separate identities. Plaintiff has failed to present evidence that supports its alter ego theory of personal jurisdiction over Gross, and the uncontroverted evidence in the record establishes that the alter ego theory does not apply in this case.

## IV.   **CONCLUSION AND ORDER**

Plaintiff has failed to allege a factual or legal basis for this Court to exercise personal jurisdiction over Defendant Gross. As a result, it is hereby

**ORDERED** that Gross's Motion to Dismiss for Lack of Personal Jurisdiction [Doc. # 31] is **GRANTED** and Plaintiff's claims against Defendant Gross are **DISMISSED**.

SIGNED at Houston, Texas, this **23rd** day of **December, 2016**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE