United States District Court
Southern District of Texas
**ENTERED**
August 11, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ACS PARTNERS, LLC, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-15-1111 |
| | § | |
| GFI MANAGEMENT SERVICES, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Plaintiff ACS Partners, LLC, ("ACS") filed this lawsuit against GFI Management Services, Inc. ("GFI") on April 28, 2015. On June 2, 2015, ACS filed an Amended Complaint [Doc. # 7]. On July 20, 2015, ACS filed a Second Amended Complaint [Doc. # 17]. On February 2, 2016, ACS filed a Third Amended Complaint [Doc. # 67]. On May 27, 2016, ACS filed a Fourth Amended Complaint. At that time, the discovery deadline was May 27, 2016, and the deadline has not been extended.

On June 25, 2016, GFI filed a Motion for Summary Judgment [Doc. # 112], to which ACS filed a Response [Doc. # 120], and GFI filed a Reply [Doc. # 124]. On July 29, 2016, GFI filed a Motion to Strike the Declaration of Trent Arthur [Doc. # 125].

On July 27, 2016, ACS filed a Motion for Leave to File Supplement to Response to Defendant's Motion for Summary Judgment [Doc. # 123]. ACS represents that it is attempting to obtain discovery from Strategic Management Partners, LLC ("Strategic") in the United States District Court for the Northern District of Georgia, Civil Action No. 1:16cv1763. ACS filed a Motion for Contempt in the Georgia federal court on May 9, 2016, and Strategic filed a Response on May 27, 2016. In its Response, Strategic notes that the Motion for Contempt was filed by ACS's attorney Jason Kraus, who is not admitted to practice in the Northern District of Georgia. Strategic notes also that the purported subpoena, served on Strategic on March 14, 2016, contains a number of legal deficiencies, including the requirement that Strategic, a Georgia limited liability company, produce documents in Houston, Texas. Strategic noted that it had served written objections to the subpoena on March 14, 2016 (the same date it was served), notifying ACS of the alleged deficiencies. Rather than correct the deficiencies by issuing a new subpoena, ACS filed the Motion for Contempt eight weeks later on May 9, 2016. On June 3, 2016, ACS filed its Reply in support of the Motion for Contempt and inexplicably asked the Georgia federal court "to order Plaintiff [ACS] to cure its deficiencies." There is no indication that the deficiencies have been corrected by ACS, and the Georgia court has not yet ruled on the Motion for Contempt.

On August 10, 2016, ACS – now represented by different counsel who filed an appearance that same day – filed a Motion for Continuance [Doc. # 128] seeking a six-month continuance of the docket call currently scheduled for September 19, 2016. ACS in the motion also seeks an extension of the discovery deadline and the deadline for joinder of new parties.[1]  ACS points out that its new attorney has just filed an appearance in the case.  ACS represents that it needs additional time to obtain discovery from Strategic "because it has been added as a party."  *See* Motion for Continuance, p. 2.  The Court notes that in none of the five complaints filed by ACS in this case has Strategic been added as a party.  ACS represents also that it served timely requests for documents from GFI but "GFI has refused to produce them."  *See id.*  Discovery, however, ended May 27, 2016, and ACS has not previously advised the Court of this alleged discovery dispute as required under the federal rules and this Court's Procedures.  The Court finds that ACS has not exercised due diligence in obtaining the discovery it claims to need in this case.  As a result, its request for a full six-month extension of the deadlines to complete discovery and join new parties is denied.

---

[1]  By Order [Doc. # 50] entered December 29, 2015, the discovery and all other remaining deadlines were extended.  By Hearing Minutes and Order [Doc. # 59] entered January 13, 2016, the discovery deadline was extended.  By Order [Doc. # 75] entered February 29, 2016, the Court extended the discovery and all other remaining deadlines.

ACS also has filed a Motion for Leave to File Amended Complaint ("Motion to Amend") [Doc. # 129], seeking leave to file a Fifth Amended Complaint joining Strategic as a party to this lawsuit. Because the deadline for amendments to pleadings has expired, Federal Rule of Civil Procedure 16(b)(4) provides the standard for assessing Plaintiff's request to file a fifth amended complaint. *See E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 333-34 (5th Cir. 2012); *Marathon Fin. Ins., Inc. v Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009); *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008). "Rule 16(b) provides that once a scheduling order has been entered, it 'may be modified only for good cause and with the judge's consent.'" *Marathon*, 591 F.3d at 470 (quoting FED. R. CIV. P. 16(b)). Rule 16(b) requires a party "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Id.* (quoting *S&W Enters., LLC v. Southtrust Bank of Ala., NA,* 315 F.3d 533, 535 (5th Cir. 2003)); *see also Spear Marketing, Inc. v. BankcorpSouth Bank*, 2013 WL 2077032, *1 (N.D. Tex. Aug. 12, 2013). The factors to be considered are:

(1) the explanation for the failure to timely move for leave to amend;
(2) the importance of the amendment;
(3) potential prejudice in allowing the amendment; and
(4) the availability of a continuance to cure such prejudice.

*Id.* (quoting *Sw. Bell Tel. Co. v. City of El Paso,* 346 F.3d 541, 546 (5th Cir. 2003)); *see also Serv. Temp*, 679 F.3d at 334.

ACS asserts that it "diligently moved to amend as soon it [*sic*] became apparent that the amendment was necessary." *See* Motion to Amend, ¶ 11. ACS's assertion is refuted by the record. ACS has taken the position since at least January 10, 2016, that GFI and Strategic were involved in a civil conspiracy. Indeed, on that date ACS filed a Motion for Leave to File Third Amended Complaint to add a civil conspiracy claim and a claim under the Texas Uniform Fraudulent Transfer Act ("TUFTA") based on the alleged conspiracy. The Court granted leave to file the Third Amended Complaint, but in connection with neither the Third nor the Fourth Amended Complaint did ACS seek to add Strategic as a party.

The importance of Strategic's joinder is unclear particularly since ACS already has asserted a civil conspiracy and TUFTA claim against GFI.

Joinder of a new party at this late stage of the proceeding would significantly prejudice both GFI and Strategic. All depositions will need to be retaken in order for Strategic to participate. GFI will be required to file an amended Motion for Summary Judgment based on the new pleading and evidence, rendering useless all the work already performed on the current motion. The case has been pending for quite some time and both parties are entitled to prompt resolution. A continuance would not cure the prejudice from the increased time and expense and, moreover, the Court is not inclined to extend yet again the deadlines in this case.

In conclusion, ACS has failed to demonstrate good cause as required by Rule 16 of the Federal Rules of Civil Procedure for its request to file a fifth amended complaint to join a new party well after the expiration of the October 16, 2015 deadline for amendments to pleadings and joinder of new parties.

The Court finds that ACS has not exercised due diligence in obtaining the discovery it claims to need in this case. The Court finds also that ACS has failed to demonstrate good cause for an extension of the deadlines for joinder of new parties and for discovery. The Court will allow ACS to file a supplemental response to the Motion for Summary Judgment and a response to the Motion to Strike the Declaration of Trent Arthur. Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion for Leave to File Supplement [Doc. # 123] is **GRANTED** only to the extent that Plaintiff shall file by **September 6, 2016**, a supplemental response to Defendant's Motion for Summary Judgment and a response to the Motion to Strike the Declaration of Trent Arthur. Defendant shall file its reply by **September 16, 2016**. It is further

**ORDERED** that the Joint Pretrial Order deadline is extended to **December 2, 2016**, and the docket call is rescheduled to **3:00 p.m. on December 12, 2016**. <u>No further extension of any deadline in this case will be permitted, by agreement or otherwise</u>. It is further

**ORDERED** that Plaintiff's Motion for Continuance [Doc. # 128] is **DENIED** except to the extent that the Joint Pretrial Order and docket call deadlines are extended as set forth in the preceding paragraph. It is further

**ORDERED** that Plaintiff's Motion for Leave to File [Fifth] Amended Complaint [Doc. # 129] is **DENIED**.

SIGNED at Houston, Texas, this 11th day of **August, 2016**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE